UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVISON, ANNA LEYDEN,
ROCHELLE DAVISON, and
GLORIA LEYDEN,

        NO. CIV. S-07-1894 LKK/CMK

    Plaintiffs,

  v.

HART BROADWAY, LLC dba         O R D E R
GRAND BALLROOM ON
BROADWAY; and DOES 1
through 10,

    Defendants.
_____/

In this case plaintiffs claim that defendant failed to provide elevator access to a facility plaintiffs sought to rent for a wedding reception. On May 27, 2009, this court denied plaintiffs' motion for summary judgment. Although the court concluded that plaintiffs had not established liability on any of their claims, the court also addressed plaintiffs' claim for statutory damages. Plaintiffs had asserted that such damages were always available for Unruh claims premised on ADA violations, relying on one of this

1

court's past opinions, <u>Wilson v. Haria and Gogri Corp.</u>, 479 F. Supp. 2d 1127 (E.D. Cal. 2007).

The order noted that the Ninth Circuit had recently certified the question of statutory damages for claims of this type to the California Supreme Court, and that the California Supreme Court had agreed to resolve the issue. Accordingly, the order concluded that a stay of the matter pending the California Supreme Court's resolution of the question was appropriate.

The court also noted that plaintiffs' counsel Scottlynn Hubbard had also filed a brief for plaintiffs before the California Supreme Court in that case, but that plaintiffs had not informed the court of either the Ninth Circuit or the California Supreme Court decisions. This court "remind[ed] counsel of their ethical duty to not knowingly fail to disclose legal authority in the controlling jurisdiction directly adverse to the position of their clients." Scott Hubbard has since filed a letter asking this court to reconsider this admonition. The two cases cited in this letter are inapposite. <u>Minn Co. v. Nat'l Co.</u>, 70 U.S. 332, concerns res judicata ("This is another, and it is to be hoped the last attempt to persuade the court to reverse their decision in this case"), and admonishes a lawyer not to seek to relitigate a case that has already been decided on the basis of possible future changes in the law. <u>People v. Benavides</u>, 35 Cal. 4th 69, 115 (2005) states that juries, when they ask about the effects of possible future changes of law on sentences they might impose, should not be informed of such possibilities. Neither case has any bearing on the matter

1  here.
2       Accordingly, it appears that the admonition was appropriate,
3  and plaintiff's request is DENIED.
4       IT IS SO ORDERED.
5       DATED:  June 23, 2009.

                                    /s/ Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

3